THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a foreign insurance company,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DIAMOND PLASTICS CORPORATION, a Nevada corporation, and H.D. FOWLER COMPANY, a corporation,<br><br>　　　　　　　　　Defendants. | CASE NO. C19-1983-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Diamond Plastics Corporation's motion to bifurcate and stay (Dkt. No. 24). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

This coverage action arises from a project to construct a utility conveyance system linking the Kent/Auburn corridor. (*See* Dkt. No. 1 at 2–4.) On March 24, 2017, H.D. Fowler[1] contracted with Kiewit Infrastructure West Co., the general contractor on the project, to supply sewer and water pipe for the conveyance system. (*Id.* at 3.) Fowler purchased the pipe from

---

[1] Although Fowler appears in the caption of this case, the Court dismissed Fowler as a defendant on June 1, 2020.

1  Diamond and had it delivered to the project cite. (*Id.*) Once the pipe was delivered, Tunista
2  Construction, LLC, a subcontractor, began installing it. (*Id.*) Tunista soon experienced problems
3  with the installation. (*Id.*) Those problems allegedly caused Kiewit to incur delays and other
4  costs for which Kiewit back-charged Fowler $1.5 million. (*Id.*)

5        On March 27, 2019, Fowler sued Diamond in King County Superior Court, seeking to
6  recoup the $1.5 million that it had paid to Kiewit. (*Id.*) Diamond's insurer, Phoenix, agreed to
7  defend Diamond under an express reservation of rights. (*Id.*) Phoenix subsequently filed the
8  present action to determine if it has a duty to (1) continue defending Diamond and/or (2)
9  indemnify Diamond from any liability arising out of Fowler's lawsuit. (*Id.* at 17–21.) Although
10 Diamond agrees that Phoenix's duty to defend is ripe for review, Diamond asks the Court to stay
11 all discovery and motions practice related to Phoenix's duty to indemnify Diamond until the
12 Superior Court disposes of Fowler's lawsuit against Diamond. (Dkt. No. 24 at 1–3.)

13 **II.    DISCUSSION**

14     "The power to grant a stay in pending litigation is incidental to the power inherent in
15 every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299
16 U.S. 248, 254–55 (1936). "The proponent of a stay bears the burden of establishing its need."
17 *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In deciding whether to grant a stay, courts consider
18 "the possible damage which may result from the granting of a stay, the hardship or inequity
19 which a party may suffer in being required to go forward, and the orderly course of justice
20 measured in terms of the simplifying or complicating of issues, proof, and questions of law
21 which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
22 1962). Here, each factor weighs in favor of granting Diamond's requested stay.

23     1.    <u>Damage that May Result from a Stay</u>

24     Phoenix is unlikely to suffer any hardship if the Court stays proceedings relating to
25 Phoenix's duty to indemnify Diamond. Contrary to Phoenix's assertion, a stay will not prohibit
26 motions practice regarding Phoenix's duty to defend; the parties may continue to litigate that

issue. And while a stay will constrain Phoenix's ability to conduct discovery, Phoenix has not explained how discovery is needed to help the Court decide whether Phoenix has a duty to defend Diamond. That duty "generally is determined from the 'eight corners' of the insurance contract and the underlying complaint." *Expedia, Inc. v. Steadfast Ins. Co.*, 392 P.3d 59, 64–65 (Wash. 2014). The two exceptions to this rule favor the insured, *id.*, and Diamond does not appear intent to rely on those exceptions in this case, (*see* Dkt No. 31 at 3). Accordingly, "formal discovery should not be necessary" to determine Phoenix's duty to defend Diamond. *See Integral Consulting, Inc. v. Navigators Specialty Ins. Co.*, Case No. C14-1490-JCC, Dkt. No. 46 at 4 (W.D. Wash. 2015).

    2.    <u>Hardship or Inequity Suffered by Proceeding</u>

Whereas Phoenix will not suffer hardship if the Court grants the requested stay, Diamond will likely be prejudiced absent a stay because Diamond will be forced to adopt strategies in this action that are inconsistent with the positions Diamond wishes to take in its lawsuit with Fowler. For example, Diamond might wish to prove in this action that Fowler suffered "property damage" that was caused by a covered "occurrence." (*See* Dkt. No. 1 at 8, 10.) But in Fowler's case against Diamond, Diamond will want to prove that no property damage occurred. (*See* Dkt. No. 25 at 6–8.) These positions are fundamentally inconsistent, and courts routinely grant stays in declaratory relief actions so that insureds do not have to adopt inconsistent litigation strategies. *See Integral Consulting, Inc.*, Case No. C14-1490-JCC, Dkt. No. 46 at 4; *Sierra Pacific Indus. v. Am. States Ins. Co.*, 2012 WL 2401297, slip op. at 3 (E.D. Cal. 2012) (quoting *Mantrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1162 (Cal. 1993)) ("[A] stay of coverage action against an insurer pending the resolution of underlying litigation 'is appropriate when the coverage question turns on facts to be litigated in the underlying action.'").

    3.    <u>The Orderly Course of Justice</u>

A stay would also promote the orderly course of justice in several respects. First, a stay will eliminate the risk that this action generates factual determinations that are inconsistent with

Fowler's action against Diamond. *See Integral Consulting, Inc.*, Case No. C14-1490-JCC, Dkt. No. 46 at 5. Second, a stay will relieve both Diamond and Phoenix from having to engage in discovery that could be rendered either duplicative or unnecessary by the proceedings involving Fowler and Diamond. *See id.* Finally, a stay will avoid the risk that the Court unnecessarily and inappropriately determines Phoenix's duty to indemnify before the issue is ripe for review. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770–71 (11th Cir. 2019) (holding that an insurer's duty to indemnify was not ripe until the underlying lawsuit was resolved and noting that other circuits have applied the same rule).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Diamond's motion to stay and bifurcate (Dkt. No. 24). The Court hereby STAYS all discovery and motions practice relating to Phoenix's duty to indemnify Diamond until the Superior Court disposes of Fowler's lawsuit against Diamond. The parties may continue to engage in discovery and motions practice relating to Phoenix's duty to defend Diamond. Should this case proceed to trial before the Superior Court disposes of Fowler's lawsuit, the Court will bifurcate the trial pursuant to Federal Rule of Civil Procedure 42(b), and the trial will proceed only on the issue of Phoenix's duty to defend Diamond. The Court further ORDERS the parties to inform the Court of any final disposition in Fowler's lawsuit within 15 days of the disposition.

DATED this 15th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE