THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE PHOENIX INSURANCE COMPANY,
a foreign insurance company,

                    Plaintiff,

            v.

DIAMOND PLASTICS CORPORATION, a
Nevada corporation; and H.D. FOWLER
COMPANY, a corporation,

                    Defendants.

CASE NO. C19-1983-JCC

ORDER

This matter comes before the Court on Plaintiff Phoenix Insurance Company's motion to compel production of documents (Dkt. No. 48) and Defendant Diamond Plastics Corporation's motion for reconsideration (Dkt. No. 50) of the Court's order granting Diamond's motion to stay and bifurcate (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES both motions without prejudice.

## I.    BACKGROUND

This coverage action arises from an alleged incident that occurred during construction of a conveyance system in the Kent/Auburn area. (*See* Dkt. Nos. 1 at 2–4, 20 at 5–6.) In March 2017, the project's general contractor, Kiewit Infrastructure West Company, contracted with H.D. Fowler Company for H.D. Fowler to supply pipe for the project. (*See* Dkt. Nos. 1 at 3, 20 at

5.) H.D. Fowler, in turn, ordered approximately 4000 linear feet of pipe from Diamond. (*See* Dkt. Nos. 1 at 3, 20 at 5–6.) Fowler alleges that as one of Kiewit's subcontractors attempted to install the pipe, it "suddenly and physically failed." (Dkt. No. 20 at 6.) This failure allegedly delayed the project and caused Kiewit to incur additional costs, (*see* Dkt. No. 1 at 4), that Kiewit passed on to H.D. Fowler, (*see* Dkt. No. 20 at 6–7).

On March 27, 2019, H.D. Fowler filed suit against Diamond in King County Superior Court seeking to recover these costs. (*See* Dkt. Nos. 1 at 4, 20 at 6–7.) The next day, Diamond tendered the defense to Phoenix. (*See* Dkt. No. 20 at 7.) Diamond alleges that in April 2019, Phoenix acknowledged internally that it had a duty to defend Diamond but did not formally agree to accept the defense and assign counsel until June 2019. (*See id.* at 8–9.) In the interim, Diamond hired its own counsel and incurred legal fees for which it alleges Phoenix is responsible. (*See id.* at 9–10.) Diamond further alleges, among other things, that after Phoenix accepted defense of the underlying litigation, Phoenix failed to update Diamond on the progress of the litigation and improperly used attorney-client privileged information between Diamond and Phoenix's defense team for its own benefit. (*See id.*)

Several months later, Phoenix filed the present declaratory judgment action in which it seeks a declaration that it has no duty to defend or indemnify Diamond. (*See generally* Dkt. No. 1.) Diamond answered the complaint and asserted counterclaims for breach of contract, breach of duty of good faith, and for violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86. (*See* Dkt. No. 20 at 11–13.) In addition, Diamond seeks a declaration that Phoenix has a duty to defend Diamond. (*See id.* at 11.)

About three weeks after answering the complaint, Diamond filed a motion to stay all discovery related to Phoenix's duty to indemnify. (*See* Dkt. No. 24.) Although that ten-page motion focused almost exclusively on Phoenix's duty to indemnify, it included two sentences requesting that the Court "stay discovery and motion practice on [Diamond's] extracontractual claims in the interests of judicial efficiency." (*See* Dkt. No. 24 at 4, 10.)

1    While that motion was pending, Phoenix served Diamond with 51 requests for

2  production. (*See* Dkt. No. 48-1 at 22–59.) Diamond objected to nearly all of the requests based

3  on its view that they relate to Diamond's duty to indemnify or its extracontractual counterclaims

4  and that discovery regarding those matters should be stayed. (*See* Dkt. No. 48-1 at 72–110.)

5  Eventually, the Court granted Diamond's motion and stayed "all discovery and motions practice

6  relating to Phoenix's duty to indemnify Diamond." (Dkt. No. 47 at 4.) The Court's order was

7  silent on Diamond's counterclaims. (*See id.*)

8    Five days after the Court's order, Phoenix filed the instant motion to compel. (*See* Dkt.

9  No. 48.) Phoenix argues that Diamond's objections have been waived because they were

10  untimely, (*see id.* at 13–15), and that they are meritless because "none of the requests ask[] for

11  any documents having anything to do with whether Phoenix ha[s] a duty to indemnify

12  Diamond," (*id.* at 14). Phoenix also argues that the Court should order Diamond to pay the

13  attorney fees Phoenix incurred in preparing the motion to compel. (*See id.* at 15–16.)

14    Diamond responded by first filing a motion for reconsideration noting that the Court

15  overlooked Diamond's request to stay discovery with respect to its extracontractual

16  counterclaims and requesting that the Court clarify whether that discovery is also stayed. (*See*

17  *generally* Dkt. No. 50.) Diamond also argues in response to the motion to compel that its

18  objections have not been not waived, all but one of the requests for production relate to

19  Phoenix's duty to indemnify or Diamond's counterclaims, and sanctions are not warranted

20  because its actions were substantially justified. (*See generally* Dkt. No. 51.)

21  **II.    DISCUSSION**

22    This Court's local rules provide that before filing a discovery motion, the parties must

23  meet and confer in good faith in an effort to resolve the dispute, or at least narrow the issues,

24  before seeking the Court's intervention. *See* LCR 37(a)(1); LCR 26(c)(1). The Court has serious

25  concerns about whether the parties' June 10 telephone conference, (*see* Dkt. No. 48-1 at 6), was

26  conducted in good faith in light of the fact that the parties were able to reach agreement about

only one of 51 requests for production. In addition, the Court is concerned that the parties appear to agree that they have resolved Diamond's breach of contract claim, yet Diamond refuses to withdraw the claim, and Phoenix continues to seek discovery on it. (*See* Dkt. No. 48 at 4 (noting that Phoenix sent Diamond a check for the full amount of the defense costs Diamond incurred and interest); Dkt. No. 51 at 1–2 (acknowledging that Diamond's breach of contract claim is "moot[]").)

Accordingly, the Court DENIES both motions without prejudice and ORDERS the parties to meet and confer *in good faith* in an attempt to resolve these issues, or at least narrow the issues in dispute, without the Court's intervention. If, after meeting and conferring in good faith, issues remain that the parties cannot resolve without the Court's intervention, the parties may renew their motions and the Court will resolve them promptly.[1] Any renewed motion must include a certification that the parties met and conferred in good faith and must "list the date, manner, and participants to the conference." LCR 37(a)(1); LCR 26(c)(1).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff Phoenix Insurance Company's motion to compel (Dkt. No. 48) is DENIED without prejudice and Defendant Diamond Plastics Corporation's motion for reconsideration (Dkt. No. 50) is DENIED without prejudice.

DATED this 21st day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court will treat any renewed motion as timely.

ORDER
C19-1983-JCC
PAGE - 4