THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE PHOENIX INSURANCE COMPANY,

Plaintiff,

v.

DIAMOND PLASTICS CORPORATION,

Defendant.

CASE NO. C19-1983-JCC

ORDER

This matter comes before the Court on Defendant Diamond Plastics Corporation's ("Diamond") motion for partial summary judgment (Dkt. No. 53). Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

This coverage action arises from an alleged incident that occurred during a construction project. (*See* Dkt. Nos. 1 at 2–4, 20 at 5–6.) Diamond provided pipe for the project and Plaintiff, The Phoenix Insurance Company ("Phoenix"), provided Diamond commercial general liability insurance. (*Id.*) Phoenix brings suit against Diamond seeking, among other things, a declaratory judgment from the Court that it had no duty to defend Diamond in an action brought in King County Superior Court: *H.D. Fowler Company v. Diamond Plastics Corporation*, No. 19-2-08572-0 KNT. (Dkt. No. 53.) In that action, H.D. Fowler Company ("Fowler"), the pipe supplier

in the above-referenced construction project, brought suit against Diamond. (Dkt. No. 54.) Fowler alleges that the pipe Diamond provided for Fowler's job "suddenly and physically failed as workers attempted to install it" and, in the process of excavating the damaged pipe, "other property at the site was physically damaged" and "portions of the Project site could not be used for construction." (*Id.* at 7.) The Court previously set forth the underlying facts of this action and will not repeat them here. (*See* Dkt. Nos. 47, 49, 60.) Diamond now moves for partial summary judgment, seeking a declaratory judgment from the Court that Phoenix has a duty to defend Diamond in the action before the King County Superior Court.

## II.   DISCUSSION

### A.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

"The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving party properly supports its motion, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B. Duty to Defend**

An insurer's "duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013) (internal quotations omitted); *see also Robbins v. Mason County Title Ins. Co.*, 462 P.3d 430, 435 (Wash. 2020) (quoting Black's Law Dictionary 542 (11th ed. 2019)) (defining "'demand' as '[t]he assertion of a legal or procedural right'"). "The party seeking to establish coverage bears the initial burden of proving coverage under the policy has been triggered," while "[t]he insurer bears the burden of establishing an exclusion to coverage." *Pleasant v. Regence BlueShield*, 325 P.3d 237, 243 (Wash. Ct. App. 2014) (citing *Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 983 P.2d 707, 709 (Wash. Ct. App. 1999)).

To determine whether a claim is covered under an insurance policy, an insurer must look to the "eight cor[n]ers" of the policy and the complaint against the insured. *Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). If neither document raises an issue of fact or law that could conceivably result in coverage, then the insurer need not defend. *Id.* But "if there is any reasonable interpretation of the facts or law that could result in coverage, the insurer must defend." *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 F.3d 693, 696 (Wash. 2010). And if the facts in the complaint are ambiguous, then the insurer must investigate facts outside of the complaint to determine if the insured is conceivably covered. *See Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007).

Phoenix asserts it has no duty to defend because the events described in Fowler's complaint are not the type generally covered under the policy and even if they were, a variety of

policy exclusions would preclude coverage. (Dkt. No. 57 at 7–15.)

1. General Coverage Under the Policy

The policy applies to "those sums that [Diamond] becomes legally obligated to pay as damages" because of "bodily injury" or "property damage" caused by an "occurrence." (Dkt. No. 57-2 at 116.) An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Dkt. No. 57-2 at 129.) Phoenix argues that Diamond's alleged delivery of defective pipe is not an "accident" and, therefore, the events at issue do not constitute an "occurrence." (Dkt. No. 57 at 7–10.) Diamond relies on *DeWitt Const. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127 (9th Cir. 2002) to support its assertion that the "mismanufacture of a product *is* an 'occurrence' under Washington law." (Dkt. No. 53 at 6 (emphasis added).) Like the policy at issue in this instance, the insured's policy in *DeWitt* defined an occurrence as "an accident." 307 F.3d at 1133. According to the Ninth Circuit, Washington law provides that the "unintentional mismanufacture of a product constitutes an 'occurrence.'" *Id.* (citing *Yakima Cement Products Co. v. Great American Ins. Co.*, 608 P.2d 254, 257 (1980)). Diamond similarly relies on *Baugh Constr. Co. v. Mission Ins. Co.*, 836 F.2d 1164, 1169 (9th Cir. 1988), where the Court found that "negligent construction and negligent design claims fall within the definition of a fortuitous event." (Dkt. Nos. 53 at 6; 58 at 3.) Phoenix asserts that *DeWitt* and *Baugh* are distinguishable because, in those cases, the manufacturing occurred on-site, whereas Diamond manufactured the pipe off-site. (Dkt. No. 57 at 9.) This is a distinction without legal significance. Fowler's complaint articulates an "occurrence," as defined under Washington law.

The policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured." (Dkt. No. 57-2 at 130.) According to Fowler's complaint, during the process of removing Diamond's faulty pipe, "other property at the Project site was physically damaged during 'rip and tear.'" (Dkt. No. 54 at 7.) Phoenix argues that this is not "property

damage," as defined by the policy. (Dkt. No. 57 at 11–15.) Diamond again relies on *DeWitt* in asserting otherwise. (Dkt. No. 58 at 4–5.) In that decision, the Court held that the "work of other subcontractors" at the site, "which had to be removed and destroyed as a result of DeWitt's installation of defective piles, is property damage within the scope of the policies." *DeWitt Const. Inc.*, 307 F.3d at 1134 (citing *Baugh Constr. Co.*, 836 F.2d at 1170). Similarly, the Court finds that Fowler's complaint articulates "property damage," as defined under Washington law. Therefore, absent the application of a policy exclusion, Phoenix has a duty to defend Diamond.

2. Policy Exclusions

Phoenix asserts that even if coverage would otherwise apply, any one of a number of policy exclusions preclude a duty to defend. (*See generally* Dkt. No. 57 at 15–22.)

Phoenix first points the Court to policy exclusion k., which excludes coverage for "'[p]roperty damage' to 'your product.'" (Dkt. No. 57-2 at 120.) But Fowler's complaint alleges injury based upon damage to the construction site, i.e., other property—not damage to Diamond's property. (*See* Dkt. No. 54 at 7.) Exclusion k. does not apply here.

Phoenix next turns to policy exclusion m., which bars coverage for "'property damage' to 'impaired property' or property that has not been physically injured." (Dkt. No. 57-2 at 120.) However, Fowler's complaint alleges "the Project site was physically damaged" during the "'rip and tear'" process used to remove the pipe. (Dkt. No. 54 at 7.) This type of property damage is analogous to that in *DeWitt*. *See* 307 F.3d at 1134 (finding that "the destroyed work of other subcontractors was not merely impaired"). Exclusion m. does not apply here.

Phoenix also points the Court to policy exclusion n., which bars coverage for "[d]amages claimed for . . . the . . . recall . . . removal or disposal of . . . 'your product' . . . if such product . . . is withdrawn or recalled from the market . . . from use . . . because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it." (Dkt. No. 57-2 at 120.) Phoenix points the Court to no authority applying the recall exclusion in the manner Phoenix is attempting to do. (*See generally* Dkt. No. 57 at 20–21.) Conversely, Diamond cites to cases in

this district declining to bar coverage under this provision when, like here, a product is not actually recalled from the market. (*See* Dkt. No. 58 at 8–9 (citing *Indian Harbor Ins. Co. v. Transform LLC*, 2010 WL 3584412, slip op. at 9 (W.D. Wash. 2010); *Mid-Continent Cas. Co. v Titan Const. Co.*, 2009 WL 1587215 (W.D. Wash. 2009).) Exclusion n. does not apply here.

Finally, Phoenix points to policy exclusion j., which excludes coverage for "'[p]roperty damage' to . . . [t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." (Dkt. No. 57-2 at 119.) According to the policy, "your work" means "[w]ork or operations performed by . . . and [m]aterials . . . furnished in connection with such work." (Dkt. No. 57-2 at 130.) However, Fowler's complaint does not allege that Diamond performed any work at the job site, only that Diamond shipped pipe to be installed at the site and that upon installation it "suddenly and physically failed." (Dkt. No. 54 at 5–9.) Moreover, the case Phoenix cites, *Harrison Plumbing & Heating, Inc. v. New Hampshire Group*, 681 P.2d 875 (Wash. App. 1984), is inapposite. (Dkt. No. 57 at 21.) In that case the insured performed work on the job site. *See Harrison Plumbing & Heating, Inc.*, 681 P.2d at 877. Exclusion j. does not apply here.

Based upon the "eight cor[n]ers" of the policy and Fowler's complaint, *Xia*, 400 P.3d at 1240, the Court concludes that a "reasonable interpretation . . . could result in coverage." *Am. Best Food, Inc.*, 229 F.3d at 696. Therefore, Phoenix has a duty to defend Diamond in the King County Superior Court proceeding against Fowler. The Court GRANTS summary judgment to Diamond on Phoenix's declaratory judgment request.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Dkt. No. 53) is GRANTED.

//

//

//

DATED this 9th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-1983-JCC
PAGE - 7